STOULIG, Judge
(concurring).
I concur in the conclusion of my brother Judges but for somewhat different reasons.
The cases are. legion holding that lien statutes are stricti juris and are to be strictly construed against the party in whose favor they are created. The provisions conferred by the statutes are not to be extended, or enlarged either by implication or equitable consideration. Courshon v. Mauroner-Craddock, Inc., 219 So.2d 258 (La.App. 1st Cir. 1968) ; Pringle Associated Mortgage Corporation v. Eanes, 208 So. 2d 346 (La.App. 1st Cir. 1968).
Under LSA-R.S. 9:4802, every written contract “ * * * shall be recorded in the office of the clerk of court or the recorder of mortgages of the parish wherein said work is to be executed, before the date fixed on which the work is to commence and not more than thirty days after the date of the said contract. * * * ” (Emphasis added.)
In the instant matter the building contract was dated November 11, 1964, and recorded on January 5, 1965, some 54 days after its confection. Obviously, Section 4802 of the lien statutes, with its 30-day limit for this purpose, was not complied *689 with, even though the requirement of recordation within this period is mandatory as reflected by the use of the verb “shall.”
What effect did the failure to timely record produce? Such a situation is covered by LSA-R.S. 9:4812, which provides the procedure for perfecting and preserving of lien rights “ * * * when a contract has been entered into but has not been recorded, as and when required * (Emphasis added.) “When” in this section refers to the 30-day requirement or before construction has begun, as set forth in Section 4802. It relegates the written contract not timely recorded to the status of an oral agreement or an unrecorded contract by prescribing the identical period and method of perfecting and preserving liens arising thereunder. It is one of the categories of instruments encompassed within the very terms of Section 4812.
Having lost the dignity of a written contract and its efficacy under LSA-R.S. 9:4801, the claimant can no longer be heard to assert the lien provisions provided in this section. He must rely upon the rights conferred by the statute governing unrecorded contracts (Section 4812).
Therefore, since the appellant occupies the position of a lienor under an unrecorded contract, the case of Capital Bank & T. Co. v. Broussard Paint & Wall. Co., 198 So.2d 204 (La.App. 1st Cir. 1967), which likewise deals with an unrecorded contract, is now apposite to facts in the instant matter. The jurisprudence therein expressed, that LSA-R.S. 9:4813 governed the recognition and preservation of an architect’s lien, is controlling in this case. Unquestionably Section 4813 is applicable to architects’ liens arising under an untimely recorded building contract.
The contention of intervenor that his lien rights should be adjudicated on the basis of a written contract — timely recorded — is without merit. Judgment of the lower court should be affirmed.